UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CEMENT MASONS LOCAL 527, KURT )
DIERKES, JIM RENICK, JOSEPH KNOTT, )
BRAD CAMPBELL, DIRK G. )
ELSPERMAN, LEONARD EHLMANN, )
WILLIAM KROEGER and JEREMY BENNETT, )
in their representative capacities as Trustees of the )
Cement Masons Local 527 Pension Fund, the )
Cement Masons Local 527 Trust Fund, and the )
Cement Masons Local 527 Vacation Fund, and ST. )   Case No. 4:16-cv-1437
LOUIS CONSTRUCTION TRAINING AND )
ADVANCEMENT FOUNDATION, )
                                                                                       )
           Plaintiffs,                                                       )
                                                                                       )
v.                                                                                  )
                                                                                       )
PALAZZOLO CONSTRUCTION, LLC, )
                                                                                       )
           Defendant.                                                      )

## COMPLAINT

### Count I

Plaintiffs state as follows for their cause of action:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185. Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f). Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. The Cement Masons Local 527 Pension Fund ("Pension Fund"), the Cement Masons Local 527 Trust Fund ("Welfare Fund"), the Cement Masons Local 527 Vacation Fund

("Vacation Fund") and the St. Louis Construction Training and Advancement Foundation (collectively referred to as "the Funds") are employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). Plaintiffs Kurt Dierkes, Jim Renick, Joseph Knott, Brad Campbell, Dirk G. Elsperman, Leonard Ehlmann, William Kroeger and Jeremy Bennett constitute the Board of Trustees of the Funds and are the Plan Sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to the Funds.  The Funds are administered within this judicial district.

3. Cement Masons Local 527 is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices within this juridical district.

4. Defendant Palazzolo Construction, LLC is a Missouri limited liability company. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7) having an office and place of business within this judicial district.

5. Defendant was signatory to a "Job Compliance Understanding," a copy of which is attached hereto as Exhibit 1, which bound defendant to the Cement Masons Local 527

2

collective bargaining agreement in regard to a project to be performed by defendant at 4958 Manchester Road, which was to begin on or about June 9, 2016. The "Job Compliance Understanding" further obligated defendant to $134.45 in outstanding liquidated damages.

6. Under the terms of the Cement Masons Local 527 collective bargaining agreement, defendant was obligated to make monthly reports on all covered employees in their employ showing the number of hours worked by each employee on the job, to contribute on a monthly basis to the Funds at the rates specified in the collective bargaining agreement and to remit dues to Cement Masons Local 527. The Funds and the Trustees are third-party beneficiaries of the collective bargaining agreement.

7. Under the terms of the Cement Masons Local 527 collective bargaining agreement, defendant was bound to the trust documents of the Funds.

8. Section 7.10 of the Cement Masons Local 527 collective bargaining agreement provides that, "The Trustees of the trust funds to which Employer contributions are required by this Agreement shall have the authority to require an audit of the payroll books and records of participating Employers by the Trustees' accountants."

9. In breach of the "Job Compliance Understanding", the Cement Masons Local 527 collective bargaining agreement, and the trust agreements, defendant has refused to make the required payments and dues remissions for work performed on the project referenced in the "Job Compliance Understanding", and has refused to pay the $134.45 in past-due liquidated damages.

10. Absent an audit of defendant's records of work performed on the project referenced in the "Job Compliance Understanding", it will be impossible for plaintiffs to determine the amounts owed.

11. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), defendant is liable to plaintiffs for all unpaid principal amounts. In addition, pursuant to Section 7.10 of the collective bargaining agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable for interest and liquidated damages on the unpaid principal amounts.

12. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and Section 7.10 of the collective bargaining agreement, defendant is also liable to pay to plaintiffs the reasonable attorney's fees, accounting fees, and costs incurred by plaintiffs in connection with this action.

13. Defendant, by breach of the collective bargaining agreement in violation of Section 515 of ERISA, 29 U.S.C. §1145, and by breach of the described trust documents, has caused and will continue to cause plaintiffs to incur reasonable legal, administrative, bookkeeping, and accounting fees and costs.

**WHEREFORE**, plaintiffs pray:

(a) That this Court order defendant to submit to an audit regarding work performed on the project referenced in the "Job Compliance Understanding", so that plaintiffs can determine the amounts owed;

(b) That this Court enter judgment in favor of plaintiffs and against defendant for its delinquent contributions, plus liquidated damages and interest thereon;

(c) That this Court enter judgment in favor of plaintiffs and against defendant in the amount of $134.45, as and for past-due liquidated damages which defendant agreed to pay in the "Job Compliance Understanding";

(d) That this Court order defendant to specifically perform its contractual obligation to submit the required reports and contributions in timely fashion;

(e)     That this Court order defendant to specifically perform its obligations to pay liquidated damages on principal amounts he has paid late or may in the future pay late;

(f)     That this Court enter an order compelling and enjoining defendant to submit all future reports and payments in timely fashion under the current or any subsequent collective bargaining agreement to which the Cement Masons and defendant are or may become bound; and

(g)     That this Court enter its order, judgment and decree against the defendant for plaintiffs' reasonable attorneys' fees, and for plaintiffs' costs, including accounting, auditing, and administrative costs, and for such other and further relief as the Court may deem just and proper.

## Count II

Plaintiff Cement Masons Local 527 states as follows for its cause of action:

14.     Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Section 301 of the LMRA, 29 U.S.C. §185.

15.     Plaintiff repeats and incorporates by reference paragraph 5, above.

16.     Section 7.25 of the Cement Masons Local 527 collective bargaining agreement, titled "Payday", states as follows:

> When an employee is to be laid-off, he/she must be notified one-half hour prior to normal quitting time so he/she can gather up his equipment and tools. The Employer shall have the option of paying the employee off that day or sending a check postmarked no later than the workday following the day of lay-off. If the employees' check is postmarked later than the workday following the lay-off, the Employer shall pay the employee two (2) hours of pay at the straight time rate per day of delay, including Saturdays, Sundays and Holidays, up to a maximum of ten (10) hours (five (5) day delay).

17. On Wednesday June 15, 2016, defendant laid-off the following members of Cement Masons Local 527: Bill Maxey, Jimmie Cole, Quinton Thomas and Carlos Escobar.

18. Although "the workday following the day of lay-off" was Thursday, June 16, the final paychecks for these individuals were postmarked June 20, and were not received until June 22. Therefore, defendant owes each of the above individuals ten (10) hours pay.

19. Defendant's failure to remit the ten (10) hours pay to the above individuals is a breach of the "Job Compliance Understanding" and the Cement Masons Local 527 collective bargaining agreement.

WHEREFORE, plaintiff prays:

(a) That this Court order defendant to remit ten (10) hours pay to Bill Maxey, Jimmie Cole, Quinton Thomas and Carlos Escobar;

(b) Alternatively, that this Court enter judgment in favor of plaintiff and against defendant for the amounts owed by defendant to Bill Maxey, Jimmie Cole, Quinton Thomas and Carlos Escobar;

(c) For an award of plaintiffs' attorneys' fees and court costs.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804

_____/s/ Greg A. Campbell_____
GREG A. CAMPBELL, MO# 35381

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The foregoing has been electronically filed with the U.S. District Court on September 9, 2016, and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

_____/s/ Greg A. Campbell_____