UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1437 NAB |
| | ) | |
| PALAZZOLO CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 14.] This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment. [Doc. 20.] Defendant has not responded and the time to do so has passed. For the reasons set forth below, the Court will grant Plaintiffs' Motion for Partial Summary Judgment.

**I.  Background**

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 *et seq.*, seeking to enforce a Collective Bargaining Agreement (CBA) between Plaintiff Cement Masons Local 527 and Defendant Palazzolo Construction, LLC with respect to a project to be performed by Defendant at 4958 Manchester Road, to begin on or about June 9, 2016. [Doc. 1.] The Complaint contains two counts. Count I seeks an audit regarding work performed on the project; a judgment for delinquent contributions, plus liquidated damages and interest thereon; specific performance of Defendant's obligations to timely submit required reports and contributions and to pay liquidated damages on late payments; and reasonable

attorneys' fees and costs.  Count II seeks a remittance of ten hours of pay to four members of Cement Masons Local 527 that were laid off or, in the alternative, a judgment in their favor, as well as attorneys' fees and costs.  In their motion filed March 10, 2017, Plaintiffs move for partial summary judgment, seeking a court order directing Defendant to submit its payroll records for audit as to Count I and a judgment in the amount of $997.12 as to Count II.

On March 27, 2017, the Court entered an order allowing Defendant's counsel to withdraw for cause and granting Defendant until April 21, 2017 to retain substitute counsel and respond to Plaintiffs' Motion for Partial Summary Judgment. [Doc. 24.]  The Court cautioned that, without an attorney to represent Palazzolo Construction, LLC and file the appropriate documents in a timely manner, a default judgment may be entered against Palazzolo Construction, LLC.

In conjunction with their summary judgment motion, Plaintiffs submitted a Statement of Undisputed Material Facts. [Doc. 21.]  Under Local Rule 7-4.01(E), "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  Defendant has not complied with the Court's order to retain substitute counsel, nor has Defendant responded to Plaintiffs' Statement of Undisputed Material Facts.  Therefore, the Court deems those facts admitted for the purposes of this Order. *See also Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997) ("A local rule of a district court has the force of law and the parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law.") (citations omitted).

## II. Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information on the record before the court shows "there is no *genuine issue* of *material fact* and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added). A fact is only material if it might affect the outcome of the case under the governing substantial law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Additionally, a "genuine" issue only exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring v. Can. Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). The moving party has the initial burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once the moving party discharges this burden, the burden then shifts to the non-moving party. *Anderson*, 477 U.S. at 249. The non-moving party must set forth affirmative evidence and specific facts showing there is a genuine dispute on an issue of material fact. *Id*.

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). Proof that "*some* alleged factual dispute" exists between the parties "will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247. The non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence, he or she must set forth specific facts showing that a genuine issue of material fact

exists. Fed. R. Civ. P. 56(c); *Herring*, 207 F.3d 1026, 1029 (8th Cir. 2000). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *Anderson*, 477 U.S. at 248. The court should not weigh evidence or attempt to determine the truth of a matter. *Id*. Rather, the court must simply determine whether a genuine issue of material fact exists. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

**III. Discussion**

Plaintiffs have submitted a copy of the "Job Compliance Understanding Agreement" signed by Defendant on June 9, 2016 under which Defendant agreed to be bound by the Cement Masons Local 527 CBA for work performed on the 4958 Manchester Road project. [Doc. 21-1.] Plaintiffs have also submitted a copy of the CBA. [Doc. 21-2.] As Plaintiffs contend, the CBA requires Defendant to make contributions and file reports based on each hour worked by employees, provides for 10% liquidated damages on delinquent contributions and attorneys' fees and collection costs, and includes the authority to audit Defendant. Defendant has not submitted the required contribution reports for its work on the 4958 Manchester Road project. [Doc. 21 ¶ 7; Doc. 20-1 ¶ 7.] Therefore, the Court will order Defendant to submit its payroll records for audit.

As Plaintiffs contend, the CBA further provides that if employees are laid off, Defendant may pay them that day or send a check postmarked no later than the following workday, and that if final paychecks are not tendered when due, Defendant must pay two hours of pay at the straight time rate for each day of delay. On Wednesday, June 15, 2016, Defendant laid off Cement Masons Local 527 members Bill Maxey, Quinton Thomas, Carlos Escobar, and Jimmie Cole and their paychecks were not postmarked until June 20, 2016, four days beyond what is permitted under the CBA. [Doc. 21 ¶¶ 8, 10; Doc. 20-1 ¶¶ 9, 11; Docs. 4-7.] The straight time rate was $31.16. [Doc. 21 ¶ 12; Doc. 20-1 ¶ 13.] Therefore, the Court finds that Defendant owes

4

$249.28 each to Maxey, Thomas, Escobar, and Cole. The Court will enter a judgment in the amount of $997.12 on Count II.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**. [Doc. 20.]

**IT IS FURTHER ORDERED** that Plaintiffs shall have judgment in their favor with respect to Count II.

**IT IS FURTHER ORDERED** that Defendant shall submit its payroll records for an audit of work performed on the 4958 Manchester Road project within **30 days** of the date of this Memorandum and Order. Failure to comply with this Order may result in a finding of civil contempt against Defendant and the imposition of sanctions, including a fine and/or incarceration.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Memorandum and Order on Defendant by whatever means they believe to be most effective, and shall promptly file a certificate of such service.

**IT IS FINALLY ORDERED** that Plaintiffs shall file a status report within **45 days** of the date of this Memorandum and Order updating the Court on the status of the audit and whether Plaintiffs intend to move for default judgment on Count I.

An Order of Judgment shall accompany this Order.

Dated this 26th day of May, 2017.

                                               /s/ Nannette A. Baker
                                               NANNETTE A. BAKER
                                               UNITED STATES MAGISTRATE JUDGE