# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1437 NAB |
| | ) | |
| PALAZZOLO CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment. [Doc. 35.] Defendant has not filed a response to Plaintiffs' motion. A Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) was entered on September 18, 2017. [Doc. 39.] For the following reasons, the Court will grant Plaintiffs' Motion for Default Judgment.

**I.      Factual and Procedural Background**

Plaintiffs filed this action September 9, 2016. [Doc. 1.] Defendant Palazzolo Construction filed an Answer on November 25, 2016. [Doc. 9.] The parties consented to the undersigned's jurisdiction under 28 U.S.C. § 636(c). [Doc. 14.] A Case Management Order was entered on December 22, 2016. [Doc. 15.] Plaintiffs filed a Motion for Partial Summary Judgment on March 10, 2017. [Doc. 20.] Defendant did not file a response to Plaintiffs' summary judgment motion. The Court granted Defendant's counsel's motion to withdraw after counsel sought withdrawal due to Defendant's failure to respond to counsel's communications or appear for a deposition. [Docs. 23, 24.] The Court also granted Defendant an extension of time to April 21, 2017 to file a response to the motion for summary judgment and to retain substitute counsel. [Doc. 24.] Defendant never filed a response to Plaintiffs' summary judgment motion

and the Court granted the motion on May 26, 2017. [Doc. 25.] Partial judgment in the amount of $997.12 was entered against Defendant on the same date and the Court also ordered Defendant to submit to an audit. [Doc. 26.]

On July 10, 2017, Plaintiffs filed a status report with the Court stating that the Defendant had promised to submit documents to Plaintiffs' accountant, but failed to do so. [Doc. 28.] Plaintiffs then filed a Motion for Contempt and Suggestions in Support. [Doc. 29.] The Court scheduled a hearing on Plaintiffs' Motion for Contempt for August 9, 2017. [Doc. 30.] The Court also ordered Defendant to file a response to Plaintiffs' motion no later than July 31, 2017, retain counsel, and appear at the August 9th hearing. [Doc. 30.] Defendant did not respond to Plaintiffs' Motion for Contempt, did not retain counsel, and did not appear at the August 9th hearing. [Doc. 33.] The Court granted Plaintiffs' request to continue the hearing on the motion for contempt for 30 days to prepare for filing a motion for default judgment. [Doc. 33.]

On August 31, 2017, Plaintiffs filed motions for clerk's entry of default and default judgment. [Docs. 34, 35.] At the direction of the Court, the Clerk entered an Entry of Default against Defendant for failure to defend on September 18, 2017. [Doc. 39.] A hearing on Plaintiffs' Motion for Default Judgment was held on September 21, 2017. [Doc. 40.] Plaintiffs withdrew their Motion for Contempt at the hearing. [Doc. 40.]

**II.** **Standard of Review**

"Default judgments … are not favored by the law." *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993). Entry of default judgment is discretionary. *Belcourt Public Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). There is a judicial preference for adjudication on the merits. *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir. 1993).

If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. Fed. R. Civ. P. 55(b). The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter. Fed. R. Civ. P. 55(b). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 55(c).

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). "[A] default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000).

**III. Discussion**

The Court provided notice of the default judgment hearing to Defendant through UPS Signature Required Mail and regular mail. [Doc. 37.] Defendant received the order through UPS delivery on September 8, 2017. [Doc. 38.] The default judgment hearing was held on September 21, 2017.

Plaintiffs filed this action on September 9, 2016 pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 *et seq.*, seeking to enforce a Collective Bargaining

3

Agreement (CBA) between Plaintiff Cement Masons Local 527 and Defendant Palazzolo Construction, LLC with respect to a project performed by Defendant at 4958 Manchester Road.

In this case, the court has already entered judgment in favor of Plaintiffs on Count II of the Complaint in its Memorandum and Order granting partial summary judgment. [Doc. 25.] The remaining count, Count I of Plaintiffs' Complaint, requests that the Court enter judgment against Defendant for delinquent contributions, plus liquidated damages, and interest; judgment in the amount of $134.45, as past due liquidated damages; order Defendant to specifically perform its contractual obligation to submit the required reports and contributions in timely fashion; order Defendant to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late; an injunction against Defendant ordering Defendant to submit all future reports and payments in a timely fashion; and award reasonable attorney's fees and costs, including accounting, auditing, and administrative costs. [Doc. 1 at 4-5.] In their Motion for Default Judgment, Plaintiffs request a total of $6,722.79 with the following breakdown: $2,933.31 in contributions, $276.25 in liquidated damages, $134.45 in prior liquidated damages, $212.50 in accounting fees, $2,256.00 in attorney's fees, and $733.56 in court costs. [Doc. 35.] Plaintiffs have attached affidavits and documents in support of their motion for default judgment.

The affidavits accompanying Plaintiffs' Motion for Default Judgment [Doc. 35] establish that Defendant signed an agreement under which it would be bound to the terms of the Cement Masons Local 527 CBA for work on the above-described project. The collective bargaining agreement required the payment of fringe benefit contributions, liquidated damages on unpaid contributions, and attorneys' fees, audit fees and court costs in the event of a fringe benefit delinquency. The agreement also required Defendant to pay previously incurred liquidated

damages of $134.45.  Since Defendant did not comply with this Court's Order requiring defendant to submit to an audit, Plaintiffs estimated the hours worked.  As set forth in his affidavit, Kurt Dierkes, the Business Manager of Plaintiff Cement Masons Local 527 and a Trustee of the Plaintiff benefit funds, contacted the cement masons who worked on the project, and obtained a list of the hours worked.  Plaintiffs' accountant Brad Soderstrom, as set forth in his affidavit, then computed the contributions owed to the Plaintiff Funds based on these hours.

Under ERISA, 29 U.S.C. § 1132(g)(2) and § 1145, and under the CBA, Defendant owes $2,933.31 in delinquent fringe benefit contributions, plus $276.25 in liquidated damages and $176.72 in interest on the above amount, as well as $134.45 in prior liquidated damages. The CBA and ERISA, 29 U.S.C. § 1132(g)(2), also require Defendants to pay plaintiffs' attorneys' fees, accounting fees, and court costs.  Plaintiffs incurred $2,256.00 in attorneys' fees, $212.50 in accounting fees and $733.56 in court costs.  Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.  The total amount owed by Defendant to Plaintiffs on Count I is $6,722.79.

Based on the foregoing, the Court concludes that Plaintiffs' motion for default judgment should be granted and judgment entered in favor of Plaintiffs in the amount of Six Thousand, Seven Hundred, Twenty-Two Dollars and Seventy-Nine cents ($6,722.79).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED**.  [Doc. 35.]

A separate Judgment will accompany this Memorandum and Order.

Dated this 18th day of October, 2017.

                                              /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE