UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:16-CV-1437 NAB |
| PALAZZOLO CONSTRUCTION, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiffs' Motion to Compel Discovery. [Doc. 54.] Defendant Palazzolo Construction, LLC did not file a response and the time to do so has now passed. For the following reasons, the Court will grant the motion.

Cement Masons Local 527, its trustees, and the St. Louis Construction Training and Advancement Foundation filed this action for delinquent fringe benefit contributions, liquidated damages, and interest, and unpaid wages. On May 26, 2017, the Court entered partial judgment in favor of Plaintiffs in the amount of $997.12. On October 18, 2017, the Court entered a default judgment against Defendant Palazzolo Construction, LLC in the amount of $6,722.79.

In their motion to compel, Plaintiffs provide an affidavit from Plaintiffs' counsel stating that Plaintiffs served defendants with a Rule 69 deposition notice and request for production of documents. [Doc. 54-1.] The deposition with production of documents was scheduled for April 4, 2018. [Doc. 54-1.] No representative appeared on Defendant's behalf or produced any documents. [Doc. 54-1.] Defendant did not contact Plaintiffs' counsel to explain the failure to appear or to reschedule the deposition. [Doc. 54-1.] Plaintiffs request that the Court compel

Defendant to appear for a post-judgment deposition at the office of Plaintiffs' counsel on May 17, 2018 at 11:00 a.m.

"The rules for depositions and discovery are to be accorded a broad and liberal treatment." *Credit Lyonnais, S.A. v. SGC Int'l Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). "The right to conduct discovery applies both before and after judgment." *Id.* "The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment." *Id.* In aid of judgment or execution, the judgment creditor may obtain discovery from any person- including the judgment debtor. Fed. R. Civ. P. 69(a)(2). "The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Missouri law limits the scope of post-judgment discovery to matters that are relevant to the discovery of assets, including insurance, or income subject to execution or garnishment for the satisfaction of judgments. Mo. R. Civ. P. 76.28.

The Court has reviewed Plaintiffs' notice of deposition request and request for production of documents. [Doc. 54-2.] It appears from Plaintiffs' affidavit that they have followed the proper procedures and the scope of the deposition request is reasonable. Defendant has failed to appear for the deposition and produce documents or contact Plaintiffs' counsel to reschedule the deposition and discovery. Under these circumstances, compulsory relief is appropriate and Plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery is **GRANTED**. [Doc. 54.]

**IT IS FURTHER ORDERED** that a representative of Defendant Palazzolo Construction, LLC shall appear for a deposition at the office of Plaintiffs' counsel on May 17, 2018 at 11:00 a.m. and produce the documents previously requested in the original deposition notice for the April 4, 2018 deposition.

Dated this 4th day of May, 2018.

     /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE