UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1437 NAB |
| | ) | |
| PALAZZOLO CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiffs' Motion for Contempt. [Doc. 57.] Plaintiffs assert that Defendant has violated the Court's Memorandum and Order of May 4, 2018, which ordered Defendant to appear for a deposition and produce documents requested by the Plaintiffs. Defendant has not responded to the motion and the time to do so has now passed.

"One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). Magistrate judges have the authority to issue contempt orders when the parties have consented to the judge's jurisdiction. *See* 28 U.S.C. § 636(e)(4). The power to punish for contempts is inherent in all courts. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994). "The party moving for contempt sanctions bears the burden

of proving facts warranting a civil contempt order by clear and convincing evidence." *Chicago Truck Drivers*, 207 F.3d at 504. "A contempt order must be based on a party's failure to comply with a clear and specific underlying order." *Chaganti & Associates, P.C. v. Novotny*, 470 F.3d 1215, 1223 (8th Cir. 2006). "An order committing a person for civil contempt of decree or injunction issued to enforce federal law may be served and enforced in any district." Fed. R. Civ. P. 4.1(b).

Accordingly,

**IT IS HEREBY ORDERED** that the Court will hold a hearing on Plaintiffs' Motion for Contempt on **Tuesday, July 10, 2018 at 11:30 a.m.** in Courtroom 13-North.

**IT IS FURTHER ORDERED** that Defendant Palazzolo Construction, LLC shall appear before the Court to show cause why it should not be held in contempt of court for failure to appear for the deposition on May 17, 2018 and to produce records as ordered by the Court on May 4, 2018.

**IT IS FURTHER ORDERED** that Defendant Palazzolo Construction, LLC shall retain counsel and counsel is required to be present at the contempt hearing scheduled for July 10, 2018. The court docket shows that Defendant Palazzolo Construction, LLC is listed as pro se. A corporation may be represented only by licensed counsel and cannot appear pro se. *United States v. Van Stelton*, 988 F.2d 70 (8th Cir. 1993) (citing *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983)).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Defendant Palazzolo Construction, LLC at 11050 Mars Lane, Maryland Heights, Missouri 63042 via UPS Signature Required, in addition to service via regular mail.

Dated this 13th day of June, 2018.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE