**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CEMENT MASONS LOCAL 527, et al.,          )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )          Case No. 4:16-CV-1437 NAB
                                          )
PALAZZOLO CONSTRUCTION, LLC,              )
                                          )
            Defendant.                    )

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiffs' post-judgment Motion for Contempt and Motion for Leave to File Instanter Plaintiffs' Memorandum in Support of Body Attachment and Affidavit for Attorneys' Fees. [Doc. 68.]

### I.    Background

Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 *et seq.*, seeking to enforce a Collective Bargaining Agreement (CBA) between Plaintiff Cement Masons Local 527 and Defendant Palazzolo Construction, LLC. [Doc. 1.] Two separate judgments totaling $7,699.91 were entered against Defendant. [Docs. 26, 48.] The Court subsequently granted Plaintiffs' motion to compel Defendant to produce documents and appear for a deposition to aid in post-judgment discovery. [Doc. 56.] Defendant did not produce the documents or appear for a deposition as ordered by the Court. Plaintiffs then filed a Motion for Contempt. [Doc. 57.] Defendant did not oppose or otherwise respond to the motion.

On July 23, 2018, the Court held a hearing on Plaintiffs' post-judgment Motion for Contempt. [Doc. 64.] Defendant failed to appear at the hearing. Based on the written motion and

Plaintiffs' arguments presented at the hearing, the Court granted Plaintiffs' motion for contempt on the record on July 23, 2018, and then issued a written Order providing additional details on July 27, 2018. [Doc. 65.]

Pursuant to the July 27, 2018 Order, Defendant Palazzolo Construction, LLC was found to be in contempt of this Court, Plaintiffs' request for an award of attorney's fees and costs incurred in bringing their motion for contempt was granted, and Plaintiffs' request for body attachment was granted. The Court granted Plaintiffs leave until July 30, 2018 to file an affidavit of fees and costs for the Court's consideration. The Court also ordered Plaintiffs' counsel to submit to the Court documentation that clearly identifies the individual that Plaintiffs seek to bring before the Court for personal contempt and his or her relationship to the Defendant no later than July 30, 2018. [Doc. 65.]

The July 27, 2018 Order gave Defendant the opportunity to purge itself of the contempt by (1) submitting to a deposition by Plaintiff's counsel within fourteen (14) business days of the date of the Order; and (2) submitting the documents previously ordered produced within fourteen (14) business days of the Order. [Doc. 65.] Defendant did not avail itself of this opportunity to purge the contempt order.

## II.    Plaintiffs' Motion for Leave to File Instanter Plaintiffs' Memorandum in Support of Body Attachment and Affidavit for Attorneys' Fees

On October 10, 2018, Plaintiffs filed a Motion for Leave to File Instanter Plaintiffs' Memorandum in Support of Body Attachment and Affidavit for Attorneys' Fees. [Doc. 68.] In support of the motion, Plaintiffs state that counsel was out of the country on the date of issuance of the Court's Order instructing Plaintiffs to file the aforementioned documentation, and counsel inadvertently overlooked the issuance of that Order. In further support of the motion, Plaintiffs file an Affidavit of Service of the Court's May 4, 2018 and July 27, 2018 orders, a Memorandum

in Support of Body Attachment, and Affidavit of Fees and Costs. Defendant has not opposed or otherwise responded to Plaintiffs' motion. Accordingly, in the interest of full consideration of the issues that remain open in the Court's July 27, 2018 contempt order, Plaintiffs' Motion for Leave to File Instanter Plaintiffs' Memorandum in Support of Body Attachment and Affidavit for Attorneys' Fees is hereby GRANTED. [Doc. 68.] Accordingly, the Court will now consider Plaintiffs' submissions.

### III.     Plaintiffs' Memorandum in Support of Body Attachment

In Plaintiffs' Memorandum in Support of Body Attachment, Plaintiffs state they seek the body attachment of John Palazzolo, the principal of Defendant Palazzolo Construction, LLC. [Doc. 68-2.] Plaintiffs include Defendant's Articles of Organization reflecting Mr. Palazzolo's address and relationship to Defendant. [Doc. 68-3.] Plaintiffs further state that "as reflected on the accompanying affidavit, John Palazzolo was served at that address with copies of this Court's May 4, 2018 and July 27, 2018 Orders." [Doc. 68-2.] The "accompanying affidavit" filed is the Affidavit of Isaiah Thomas. [Doc. 68-4.] Mr. Thomas attests that on October 1, 2018, "I did serve a Memorandum and Order. Re: 4:15-cv-1437 NAB on John Palazzolo; Palazzolo Construction, LLC… By personally serving John Palazzolo." Mr. Thomas's affidavit does not indicate which order was personally served on Mr. Palazzolo. The Court ordered Plaintiffs to effect personal service of *both* the May 4, 2018 Order [Doc. 56] *and* the July 27, 2018 Order [Doc. 65] on Defendant and the company representative that Plaintiffs wish to bring before the Court, and to file evidence of the certificate of service. Taking into consideration the relief sought, the Court believes further evidence of personal service of both orders on Mr. Palazzolo is appropriate.

In addition, the Court recognizes that significant time has passed since Plaintiffs filed the present submissions. A supplemental filing by Plaintiffs will allow the Court to confirm that since the filing of Plaintiffs' original motion for contempt and memorandum in support of body attachment, Defendant has continued its non-compliance with the Court's Orders, and Mr. Palazzolo continues to be the appropriate person to be haled into Court to show cause for Defendant's contempt.

Assuming Plaintiffs can provide assurances regarding the personal service of the aforementioned Orders on Defendant and its personal representative, the Court is inclined to issue the writ of body attachment and order the United States Marshals Service to bring Mr. Palazzolo before this Court for an examination under oath and to show cause why he should not be incarcerated for failure to comply with the Court's orders. However, the Court recognizes that the spread of the COVID-19 virus has created extenuating circumstances such that an in-person civil contempt proceeding may not be reasonably practicable during this period of national emergency.

In light of the foregoing considerations, the Court will continue to hold the July 23, 2018 oral order granting Plaintiffs' request for body attachment in abeyance. Plaintiffs are instructed to serve this Order on Defendant and on John Palazzolo at the physical address where Mr. Palazzolo may be found for execution of a writ of body attachment. Plaintiffs shall promptly file evidence of service of this Order, and the prior orders as discussed above, as well as confirmation of Defendant's continued non-compliance with the Court's prior orders.

**IV.     Plaintiffs' Affidavit for Attorneys' Fees**

The Court ordered Plaintiffs to file an affidavit for fees and costs in support of the award granted in the July 27, 2018 Order. The Court is in receipt of the Affidavit of Greg A. Campbell, counsel for Plaintiffs.[1] [Doc. 68-1.]

Counsel states that his law firm expended a total of 8.3 hours related to efforts to compel Defendant to submit to a deposition in 2018. Counsel states that the hours and rates were as follows: As a partner, his services were billed to clients at $200 per hour, and he expended 2.8 hours. His associate's services were billed to clients at $190 per hour, and his associate expended 5.1 hours. His paralegal's services were billed to clients at $110 per hour, and his paralegal expended .4 hours. Affidavit of Greg A. Campbell, Doc. 68-1 at ¶¶ 2-3. The reasonable and necessary services performed included "review of documents, telephone calls and emails, attorney conferences, correspondence; preparing for deposition; making record of deposition non-appearance; drafting and filing of contempt documents; attending contempt hearing; preparing affidavits and related documents." *Id.* at ¶ 3.

Counsel states that Plaintiffs have or will be billed for $1,569.00 for legal services provided and $81.76 for service of Court Orders by special process server. Plaintiffs seek and request a total of $1,650.76 in legal fees. *Id.* at ¶¶ 4-5. The Court finds such fees to be reasonable.

V.      **Conclusion**

Accordingly,

---

[1] The Court is also in receipt of the Affidavit of Attorneys' Fees filed by associate and affiant Nathan Gilbert on July 30, 2018. [Doc. 66.] Plaintiffs' motion for leave filed on October 10, 2018 includes the present Affidavit of Greg A. Campbell, who was out of the country at the time of the filing of Mr. Gilbert's affidavit. Based on a comparison of the two affidavits and a review of Plaintiffs' motion for leave, the Court believes that Plaintiffs intend for the Affidavit of Greg A. Campbell to supersede Mr. Gilbert's Affidavit and will consider only Mr. Campbell's Affidavit in awarding fees.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Instanter Plaintiffs' Memorandum in Support of Body Attachment and Affidavit for Attorneys' Fees is **GRANTED**. [Doc. 68.]

**IT IS FURTHER ORDERED** that the Court's oral order granting Plaintiffs' request for body attachment continues to be **HELD IN ABEYANCE**. Plaintiffs' counsel shall, within **sixty (60) days** of this Order, submit a supplemental memorandum to the Court confirming that John Palazzolo continues to be the appropriate individual to bring before the Court for personal contempt and on behalf of Defendant. Plaintiffs' supplemental memorandum shall confirm whether the Court's Orders dated May 4, 2018 and July 27, 2018 were personally served on Mr. Palazzolo.

**IT IS FURTHER ORDERED** that Defendant Palazzolo Construction is liable for Plaintiffs' attorneys fees and costs to Plaintiffs for having to bring its motion to compel and for contempt in the amount of $1,650.76.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Order on Defendant and on Mr. Palazzolo by whatever means they believe to be most effective, and shall promptly file a certificate of such service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Defendant Palazzolo Construction, LLC at 11050 Mars Lane, Maryland Heights, Missouri 63042 via UPS Signature Required, in addition to service via regular mail.

Dated this 25th day of November, 2020.

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE